[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12054

Non-Argument Calendar

_____

PALM BEACH POLO, INC.,
a Florida corporation in good standing,

Plaintiff-Appellant,

*versus*

THE VILLAGE OF WELLINGTON,
a Municipal corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 9:19-cv-80435-WPD

———————————

Before ROSENBAUM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Palm Beach Polo sues the Village of Wellington for allegedly disparately enforcing zoning regulations against Polo but not against the Palm Beach Polo Property Owner's Association in violation of equal protection and substantive due process. The district court granted summary judgment for Wellington. Because Polo hasn't shown a genuine dispute of fact that it was similarly situated or was treated differently, and because it hasn't identified any fundamental right at issue or any conscience shocking behavior, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Palm Beach Polo owns a country club and associated facilities in the Village of Wellington, Florida. In 1995, it created a Property Owner's Association. And, in 2013, Polo transferred operation of the Association and its board of directors to the residents of the club, creating two distinct entities: Polo and the Association. After the transfer, Polo retained ownership of the country club facilities and surrounding land, including the "Big Blue Preserve." The Big Blue Preserve was an undeveloped tract of land in Wellington with wetlands and old-growth cypress trees.

In 2001, Wellington sued Polo to prevent Polo from developing the Big Blue Preserve in violation of Wellington's zoning plan. *See Palm Beach Polo, Inc. v. Wellington*, 918 So. 2d 988 (Fla. Dist. Ct. App. 2006). Wellington obtained a judgment requiring Polo to preserve Big Blue Preserve in its natural state. *Id.* at 993. In November 2014, Wellington sued Polo to enforce the judgment.

While this second round of litigation was ongoing, Wellington issued a series of code violations—three to Polo and one to the Association—for their activities in the Big Blue Preserve. First, Wellington issued a notice of violation against Polo for installing a paved access drive in the Big Blue Preserve. Second, Wellington issued notices of violation to Polo and the Association for illegally subdividing a lot in the Big Blue Preserve for use as a dog park. And third, Wellington issued a notice of violation to Polo for "filling in" around 1,500 square feet of the Big Blue Preserve and altering the native vegetation.

As to the dog park notice of violation, Wellington and the Association agreed to a two-month stay of enforcement to allow the Association to come into compliance. But Polo proceeded to a hearing before a special magistrate and the special magistrate entered an order finding Polo in violation of Wellington land development regulations. Polo appealed the special magistrate's finding to the state circuit court.

Shortly before the two-month stay ended, the Association asked the special magistrate to modify the stipulation so that it wouldn't come into effect until after the ongoing state court

litigation between Wellington and Polo to enforce the 2004 judgment over the Big Blue Preserve finished.  Wellington didn't object to the change and even offered Polo the same opportunity:  to stay the dog park case against Polo while the state court litigation was ongoing.  In response, Polo asked that all three cases against it—the one about the access road, the one about the dog park, and the one about the filling—be stayed.  Wellington refused because the dog park case was a non-time-sensitive legal question about an improper subdivision but the paving and the filling cases involved physical damage to the Big Blue Preserve.

Before entering a modified stipulation between the Association and Wellington, the special magistrate held a hearing.  Polo and Wellington—but not the Association—appeared.  At the hearing, Polo contested staying the dog park case because it "wanted [the case] resolved."  The special magistrate concluded that Polo didn't have standing to contest a stay of litigation to which it wasn't a party.  Wellington represented to the special magistrate that it "offered to Palm Peach Polo the very same deal that [Wellington] offered to the Association."  Polo responded that it "wanted [all three of the cases] abated" because it didn't understand "why [Wellington] could selectively pluck out one case over the lawsuit which has nothing whatever to do with the dog park."  Wellington then made a motion to stay the dog park case against Polo.  Polo opposed the motion because it wanted to "complete the requirements under the violation and have it resolved."  The special magistrate denied the motion to stay the case against Polo and approved the

stay as to the Association.  After a monthlong continuance, Wellington renewed its motion to stay the dog park case against Polo. Polo opposed the motion and asked Wellington to instead dismiss the case and to pay its attorney's fees.  The special magistrate denied Wellington's second motion too.

After the state circuit court affirmed the special magistrate's order as to the dog park case against Polo, the special magistrate imposed a 250 dollar-per-day fine on Polo.

Polo sued Wellington in federal court asserting violations of its equal protection and substantive due process rights.[1]  As to equal protection, Polo alleged that Wellington had given the Association a "courtesy notice" in 2019 for violating local regulation section 7.4.9.B.2 while, when Polo allegedly violated that same section in 2015, Wellington did not provide a courtesy notice, instead moving directly to enforcement.  Polo also asserted that Wellington's refusal to stay all three cases against Polo while agreeing to stay the Association's case constituted unequal treatment.  As to the substantive due process claim, Polo alleged that Wellington had violated Polo's "right to not be deprived of property by way of a judgment or liability for payment of an administrative fine . . . [and] by denying [Polo] its equal protection under law, which constitute[d] a violation of the requirements of substantive due process."

---

[1] Polo also asserted a state law claim for trespass.  The district court entered summary judgment for Wellington on this claim.  Polo does not appeal this ruling so we do not discuss it further.

Wellington moved for summary judgment on both claims. As to the equal protection claim, it argued that Polo and the Association were not similarly situated because Polo had more (and different) violations than the Association. Even if they were similarly situated, Wellington continued, it had offered both the same opportunity—to stay the dog park cases—and therefore treated them the same. Wellington argued that its refusal to stay all three of Polo's cases had a rational basis because Polo's other two violations involved physical damage to environmentally sensitive areas within the Big Blue preserve and the dog park case merely involved a legal matter and was therefore not time sensitive. And Wellington explained that the difference in notices was because the notices were issued four years apart and were issued by different decisionmakers exercising their discretion differently. As to the substantive due process claim, Wellington argued that it had not infringed on a "fundamental right" nor behaved in a "conscious shocking" fashion by enforcing compliance with its land use regulations.

Polo responded with a three-paragraph, two-page opposition. It stated that its submitted affidavits and depositions created genuine issues of material fact but didn't say what those issues were. It also submitted an opposition to Wellington's statement of facts, but didn't cite to the record or explain why it objected to the eight facts it chose to contest.

The district court entered summary judgment on both claims in favor of Wellington. The district court first observed that

Polo had violated the local rules for the Southern District of Florida, which required pinpoint citations to record materials in a statement of facts. *See* S.D. Fla. L. R. 56.1(b)(1)(B). As to Polo's equal protection claim, the district court concluded that Wellington had not treated Polo and the Association differently in any meaningful way because Wellington had offered both the same opportunity to stay the dog park violation. The district court also explained that the two notices were separated by four years and were issued by different compliance officers. And the district court concluded that Polo and the Association were not similarly situated because Polo had more and different violations than the Association did. As to Polo's substantive due process claim, the district court concluded that Polo's failure to identify a fundamental right or any conscious shocking behavior had waived any argument to the contrary. The district court also concluded that any substantive due process violation based on a land-use ordinance was barred by our decision in *Hilcrest Property, LLP v. Pasco County*, 915 F.3d 1292, 1293 (11th Cir. 2019).

## STANDARD OF REVIEW

We review de novo the district court's summary judgment, viewing the evidence and all factual inferences in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

## DISCUSSION

Polo argues that the district court erred by refusing to consider an affidavit and exhibits it submitted in support of its opposition to summary judgment. We disagree.

To begin with, Polo's brief is entirely deficient. The brief does not identify Polo's "contentions and the reasons for them, with citations to the authorities and parts of the record" as required by our rules. Fed. R. App. P. 28(a)(8)(b). It merely "stat[es] that an issue exists, without further argument or discussion" or even saying what the issue is. *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009). That constitutes abandonment of any issues or arguments Polo might have. *Id.*

Parties must abide by this requirement because "we are not obligated to cull the record ourselves in search of facts not included in the statements of fact." *Johnson v. City of Fort Lauderdale*, 126 F.3d 1373 (11th Cir. 1997). Due to Polo's failure to do so, we have before us "the functional analog of an unopposed" motion for summary judgment. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). But even with an unopposed motion for summary judgment, "the moving party still bears the burden of identifying 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrates the absence of a genuine issue of material fact." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). We therefore review the district court's order to confirm that Wellington satisfied its burden. *Id.*

### Equal Protection

The district court found that there was no genuine issue of fact as to Polo's equal protection claim because Polo and the Association were not similarly situated and because there was a rational basis for any differential treatment. We agree.

A plaintiff may assert an equal protection for a "class of one" claim where it alleges that it "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1201 (11th Cir. 2007) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564–65 (2000)).

Here, the summary judgment evidence showed that Polo and the Association were not similarly situated because Polo had three violations while the Association had only one. And the reason Wellington gave for agreeing to stay only the dog park case—because the dog park violation was a legal violation and the other two violations were physical intrusions that damaged the Big Blue Preserve—was a rational basis for different treatment.

### Substantive Due Process

Polo's claim that Wellington "deprived [Polo] of property by way of a judgment" constituted a substantive due process violation fails too.

Substantive due process protects rights that "are fundamental, that is, rights that are implicit in the concept of ordered liberty." *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (quoting

*Palko v. Connecticut*, 302 U.S. 319, 325(1937)).  Substantive due process also prohibits government conduct that "shocks the conscience." *Nix v. Franklin Cnty. Sch. Dist.*, 311 F.3d 1373, 1375 (11th Cir. 2002) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 836 (1998)).  But "areas in which substantive rights are created only by state law . . . are not subject to substantive due process protection . . . because substantive due process rights are created only by the Constitution." *McKinney*, 20 F.3d at 1556 (cleaned up); *see also Hillcrest Prop*, 915 F.3d at 1298 ("As we made clear in *McKinney*, fundamental rights in the constitutional sense do not include 'state-created rights.'" (cleaned up)). And, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process' must be the guide for analyzing these claims." *Echols v. Lawton*, 913 F.3d 1313, 1326 (11th Cir. 2019) (cleaned up).

Here, Polo has not identified a fundamental right or any conscience shocking behavior.  If conceptualized as a takings claim, then it fails because the Fifth Amendment Takings Clause provides "an explicit textual source of constitutional protection." *Id.*  If conceptualized as an equal protection claim, it fails for the same reason. *Id.*  And if conceptualized as a violation of state substantive or

21-12054                Opinion of the Court                    11

procedural law, then it fails because it would concern only "state-created rights." *Hillcrest Prop., LLP.*, 915 F.3d at 1298.[2]

  **AFFIRMED.**

---

[2] We **DENY** Wellington's motion for fees and costs as untimely. *See* 11th Cir. R. 38-1.